No. 724

First Circuit

---

GIBSON v. NEWPORT CO.

---

(January 26, 1931. Opinion and Decree.)
(March 3, 1931. Rehearing Refused.)
(April 27, 1931. Writs of Certiorari and
Review Refused by Supreme Court.)

---

C. V. Pattison, of Lake Charles, attorney for plaintiff, appellant.

Moss & Siess, of Lake Charles, attorneys for defendant, appellee.

LeBLANC, J. This is a compensation suit brought by the plaintiff, an employee of the defendant, who claims to have been injured on October 11, 1929, while engaged in the performance of his work as a laborer, in helping to unload wood from a railroad box car standing on a private siding on defendant's premises.

He alleges in his petition that a piece of wood struck him, causing him to slip and fall to the floor of the car, after which a "heap of wood," some pieces weighing as much as forty pounds, fell upon him, causing his chest to cave in, and badly injuring his stomach. He avers that he received treatment at St. Patrick's Sanitarium in Lake Charles, where he was confined for twenty-two days, but that after his discharge he continued to suffer and still suffers pain in his head, stomach, and chest.

Claiming permanent injuries and total disability, he asks for 400 weeks' compensation at $9.74 per week and for medical service, less the sums paid him during nine weeks of disability by defendant.

The defendant admits that the plaintiff was injured, but that it was not a serious injury and its entire liability was discharged by payment of the compensation he admits having received. It is further set out in defense that if there is any present disability, it is in no way connected with the injury of October 11, 1929, but arises solely from an infected gland in plaintiff's right groin, which infection existed before the accident.

On the day of trial, the defendant con-

sented to an amendment of the petition to show that the weekly payments demanded should have been stated to be $10.24 instead of $9.74.

The lower court, holding, in a written opinion, that plaintiff had entirely recovered from the injury after three weeks, and that the disability he complains of had no relation to the accident, awarded him compensation only for the difference as admitted by defendant in the weekly payments.

Plaintiff then appealed.

Although his petition recites an injury only to his chest and stomach, from plaintiff's description according to his testimony, one would think that they were far more extensive and aggravated. He speaks of having been struck in the side, and that on applying iodine and rubbing the sore spot it would seem that the flesh had been torn from his ribs. On cross-examination he adds that he was hit also in three different parts of his head and points to two places to indicate scars. He refers to scars on his hands also, apparently from further injuries he claims to have received, and says that he suffered with his eyes. In connection with these last injuries to his head and hands, it is rather significant that those who saw him immediately after the accident, including Dr. R. G. Holcombe who attended him at the hospital, saw no signs of any marks, bruises, or lacerations, and that plaintiff himself did not at that time complain of any such injuries. His testimony impresses us, like it did the learned district judge, as being for the greater part, a tissue of exaggeration from which it is impossible to conclude that the condition he complains of is attributable to the comparatively slight injuries he received at the time of the accident. His walking with a limp suggested to the trial judge intentional exaggeration, and two of the doctors who testified, Dr. Holcombe and Dr. McKinely, were positive, after conducting tests, that he was merely feigning the deafness he complained of.

The plaintiff no doubt is suffering from some physical infirmities and his general health is impaired to a considerable extent, all caused, however, if we are to accept the weight of the medical testimony, by an infected gland in his right groin, which was discharging pus on the very day that he was taken to the hospital after the accident. In the opinion of these doctors, his system was and had been absorbing pus from this infected gland, resulting in a general lowering of the patient's vitality and producing some of the numerous symptoms he described in his testimony. That he was not entirely honest in his disclosure to the court will appear from the fact that he states that he had no gland or other trouble around the groin, whereas there is no doubt but that on the day of his injury there was an open sore, running pus, right in that region. When confronted with the fact that he had that open sore and after admitting its presence only after the accident, he attempts to explain by stating that it must have been caused from the lick he received. Yet that is the first mention he makes of any blow by the falling wood in the area of the right groin. It is almost inconceivable that a person could have an open sore of this kind, suppurating as it was, without being aware of its presence. In the opinion of Dr. Watkins and Dr. Holcombe, this gland presented a chancroidal condition, the result

of some form of venereal disease. Because of the stage it had reached, they were positive that there was no relation between the general condition of the plaintiff caused by it, and the injury resulting from the accident. It was as active on the day plaintiff was injured, and probably before, as it was afterwards, and therefore the doctrine of the case of Behan v. John B. Honor Co., 143 La. 351, 78 So. 589, L. R. A. 1918F, 862, and those that followed it, of the awakening by the injury of a dormant disease in the body, does not apply.

The plaintiff spoke also of spitting blood and bleeding from the nose, and of having weak spells and experiencing various sensations under certain conditions, all of which symptoms it was endeavored to connect with what might have been a concussion of the brain that took place at the time of the accident. In the absence of any blow or injury to the head, it is impossible to conceive how a concussion of the brain could have been produced by the accident. Dr. Holcombe states that the hospital records show that he did spit blood, but that would be possible, he says, with the contusion of the right lung which showed on examination. The discharges of blood which plaintiff says continued after he left the hospital could not have been from concussion, caused by the accident, according to Dr. Holcombe, because, he says, "you don't have concussion as a distant sequel to trauma."

Dr. L. Z. Kushner and Dr. A. N. Pierce both testified as witnesses for the plaintiff. The latter is rather positive in his opinion that the injury is the cause of the plaintiff's present physical condition. He, however, saw the plaintiff only once, as we read his testimony. That was nearly four months after the date of the accident, and he relied a great deal on the history as given by the patient in forming his opinion. He gave very little consideration to the gland infection, because he says he never saw a case that caused the condition the plaintiff was in. Dr. Kushner also treated the plaintiff after his return home from the hospital. He is not as positive as Dr. Pierce in his views concerning the extent and result of the injury. He seems to think that the present trouble is to a large degree mental, brought about, probably, by the accident and its effect on the general system.

In the light of what difference of opinion exists between the physicians, we believe that the district judge correctly accepted that of those who examined and treated the plaintiff immediately following the accident, and were positive that he had entirely recovered from the effects of the injury to his side, in preference to those who saw him after his discharge from the hospital and had not the same opportunities of observing him, and are not nearly as firm in their opinion concerning his present condition.

The judgment of the lower court properly rejected the claim for more than was admitted to be due the plaintiff in the way of compensation, and it is therefore affirmed.